UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCEWEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1442-JMS-TAB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

This cause is before the Court on the petition for a writ of habeas corpus of Christopher McEwen.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* McEwen is confined at an Indiana prison and seeks review of and relief from a disciplinary proceeding identified as ISR13-05-0012, wherein he was sanctioned with a loss of

contact visitation privileges, increased security points, a loss of job assignment, and assignment to disciplinary idle. These sanctions were non-custodial. *See Taylor v. Mize*, 314 Fed.Appx. 878, 879 (7th Cir. Feb. 27, 2009) (written reprimand does not affect duration of confinement or involve a liberty interest); *Wilson-El v. Finnan,* 544 F.3d 762, 766 (7th Cir. 2008); *Baker v. Hanlon*, 1:10-cv-893-SEB-MJD, 2011 WL 202240, at *1 (S.D. Ind. Jan. 18, 2011); *Cochran*, 381 F.3d at 639 (phone privileges do not affect duration of confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001) (disciplinary segregation not custodial). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

Because McEwen's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to *Rule 4*. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher McEwen
854795
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064